FILED
JUN 16 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **4:21CR00369 RLW/SPM** |
| MARIN J. CORPORATION, JORGE MARIN-PEREZ, and JORGE JOVAN MARIN-GOMEZ, | ) ) ) ) |
| Defendants. | ) ) |

## **INDICTMENT**

The Grand Jury charges that:

### *BACKGROUND*

1. An H-2A visa is commonly referred to as a "temporary work visa" for agricultural workers. H-2A visas are intended to be for foreign, seasonal workers, and such visas are issued for a period of no more than a year, with extensions possible in one-year increments up to three years.

2. Workers cannot apply for H-2A visas without being sponsored by an employer. The application is filed by the employer, who is referred to as the "petitioner," and the alien is referred to as the "beneficiary." To obtain an H-2A visa for a foreign worker, the petitioner first must file an Application for Temporary Employment Certification, Form 9142, H-2A Application for Temporary Employment Certification (the "ETA Form 9142") with the Department of Labor ("DOL") requesting a DOL certification. The application to DOL must provide facts indicating that certain conditions established by DOL for obtaining visas for nonimmigrant alien workers are met, such as that the petitioning company has a need for the employees and that it cannot fill such need with workers in the United States. Once DOL issues the prospective employer a certified

1

ETA Form 9142, the employer is required to submit the original ETA 9142 and supporting documentation and a Petition for a Nonimmigrant Worker, Form I-129 (the "Form I-129") to the Department of Homeland Security ("DHS").

3. In many instances, the ETA Forms 9142 and Forms I-129 are completed and filed on behalf of the petitioner and alien beneficiaries by a "preparer," which may include law firms, agents, or other persons or businesses who assist petitioners in the field of immigration benefits and visas.

4. An employer seeking H-2A labor certification must attest as part of the Application for Temporary Employment Certification (Appendix A to the ETA Form 9142), a required document for an H-2A visa petition, that:

(a) the employer and its agent have not sought or received payment of any kind from the employee for any activity related to obtaining the labor certification, including payment of the employer's attorney fees, Application for Temporary Employment Certification, or recruitment costs. The attestation makes clear that prohibited payments for purposes of the form include wage concessions, kickbacks, bribes, tributes, in kind payments, and free labor;

(b) the employer has and will contractually forbid any foreign labor contractor or recruiter from whom the employer engaged in international recruitment of H-2A workers to seek or receive payments from prospective employees;

(c) the employer will comply with applicable Federal, state and local employment-related laws and regulations; and

(d) the employer will pay all covered workers at least the highest of the following applicable wage rates in effect at the time work is performed: the adverse effect

wage rate ("AEWR"), the applicable prevailing wage, the agreed-upon collective bargaining rate, or the Federal or State statutory minimum wage.

5.   On the Form I-129, a petitioner must submit information about the employing petitioner and information about the prospective employment, including the job title, physical location of the job, and wages or salary. The petitioner does not have to specify a worker or workers by name, unless the alien is already in the United States, and can request multiple workers so long as the need for the workers is appropriately justified in the petition. The petitioner must sign the Form I-129, thereby certifying under penalty of perjury that the petition and the evidence submitted with it is all true and correct.

6.   An employer seeking H-2A labor certification must attest as part of the H Classification Supplemental to Form I-129, a required immigration document for an H-2A work visa petition, that:

(a)   none of the H-2A workers located for hiring paid the employer, or any service or agent, any form of compensation as a condition of employment or made an agreement to pay the employer or any service or agent at a later date; and

(b)   the employer agrees to the conditions of H-2A employment, which include payment of any worker travel expenses from the worker's home abroad to the place of employment in the United States if the worker completes 50 percent of the work contract period.

7.   Upon final approval of the I-129 petition, the foreign nationals (beneficiaries) may then apply for an H-2A visa at a U.S. Embassy or Consulate overseas using the electronic Form DS-160, Consular Electronic Application ("DS-160"). While the form does not have a place for a signature, when the foreign national arrives at the Embassy or consulate for the visa interview,

they will submit their fingerprint and certify under penalty of perjury that all the statements in the visa application and anything they say during the visa interview is true to the best of their knowledge.

8.   H-2A status is only valid to permit the alien beneficiary to enter the United States and work for the petitioner in the specific position described in the Form I-129. Accordingly, if at any point the petitioner or the alien beneficiary terminates his or her employment the H-2A status is no longer valid and the alien must depart the United States unless a subsequent valid status has been granted. Federal regulations provide that a petition can be denied or revoked where a beneficiary paid or agreed to pay the employer, an agent, facilitator, recruiter, or similar employment service fees or compensation. Denial or revocation is required if payment of the fees or compensation was a condition of an offer of employment under the H-2A program.

### *THE DEFENDANTS AND THEIR ROLES*

9.   At all times relevant to this Indictment, defendant **JORGE MARIN-PEREZ** ("MARIN-PEREZ") owned and operated the defendant **MARIN J. CORPORATION** ("MARIN CORP."), which harvested watermelons and cotton at the Tyler Harris Farm located in Southeastern Missouri. During the growing season (approximately May through October) of 2018, the defendant MARIN CORP. employed H-2A workers from Mexico yearly on a seasonal basis.

10.   At all times relevant to this Indictment, defendant **JORGE JOVAN MARIN-GOMEZ** ("MARIN-GOMEZ"), was the son of defendant MARIN-PEREZ, and a supervisor for MARIN CORP. MARIN-GOMEZ was responsible for many of the day-to-day operations of MARIN CORP. to include the coordination of hiring, securing the employment, managing and overseeing the work, housing, and payment of the H-2A workers at the Tyler Harris Farm.

### *PURPOSE OF THE CONSPIRACY*

11.     The purpose of the criminal agreement was to obtain money in the form of illegal fees and withholdings from H-2A visa workers and a cheap source of labor for the defendant MARIN CORP., while filing and causing to be filed false immigration documents with DOL and DHS.

### *MANNER AND MEANS OF THE CONSPIRACY COMMON TO COUNTS 1-3*

12.     In 2018, defendants MARIN CORP., MARIN-GOMEZ, and MARIN-PEREZ submitted Forms ETA-9142 and I-129 to employ H-2A migrant workers to the U.S. Department of Labor ("DOL"), and the United States Department of Homeland Security ("DHS"). Defendant MARIN-GOMEZ signed the documents attesting to the certifications and conditions as set forth in paragraphs 4 and 6 above.

13.     The United States Department of Labor and The United States Department of Homeland Security rely upon the truthful and accurate information provided on Forms ETA-9142 and I-129 in making informed decisions relevant to the approval of H-2A visa petitions.

14.     In preparation of the 2018 growing season, defendant MARIN CORP., defendant MARIN-GOMEZ and defendant MARIN-PEREZ violated the terms and conditions outlined in the H-2A visa petition documents for employing H-2A migrant workers. H-2A migrants workers made entry into the United States (U.S.) on a valid visa for employment in Avon Park, Florida, for citrus and blueberry hand harvesting for the period of January 16, 2018 and continuing through June 1, 2018. Defendants submitted visa applications for foreign labor for H-2A migrant workers to be employed in the state of Florida.  However, when the workers made entry into the U.S., defendants immediately relocated the workers to Kennett, Missouri ("MO") in violation of the terms outlined on the visa application submitted to both the U.S. DOL and U.S. DHS.

15. In preparation of and during the 2018 growing season, defendants MARIN CORP., MARIN-GOMEZ and MARIN-PEREZ submitted numerous ETA-9142A, H-2A Applications for Temporary Employment Certification, to the U.S. DOL containing falsifications and misrepresentations.

16. In preparation of and during the 2018 growing season, defendants MARIN CORP., MARIN-GOMEZ and MARIN-PEREZ submitted numerous I-129 Petition for a Nonimmigrant Worker, to the U.S. DHS containing falsifications and misrepresentations.

17. Additionally, during the period of June 25, 2018 through October 20, 2018, defendants MARIN CORP., MARIN-GOMEZ and MARIN-PEREZ violated the terms of the visa when they willingly and deliberately failed to pay H-2A migrant workers the proposed pay rate listed on both the ETA-9142 and I-129.

18. It was a part of the conspiracy that defendants MARIN CORP., MARIN-GOMEZ and MARIN-PEREZ, would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of DOL and DHS, in that the defendants would solicit and receive illegal fee payments from foreign workers seeking and receiving H-2A temporary work visas, yet defendant MARIN-GOMEZ, acting on behalf of all defendants, falsely declared on multiple DOL Forms 9142 and DHS Forms I-129 that they had not sought or received such payments.

19. It was further a part of the conspiracy that defendant MARIN CORP., defendant MARIN-GOMEZ and defendant MARIN-PEREZ failed to make overtime work payments to the foreign workers, yet falsely declared on multiple ETA Forms 9142 with the Department of Labor and Forms I-129 with the Department of Homeland Security, that the defendant MARION CORP. would comply with applicable Federal, State and local employment-related laws and regulations.

## COUNT 1
*(Conspiracy to Commit Visa Fraud)*

20. The grand jury re-alleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

21. Beginning on or about December 15, 2017 and continuing thereafter until on or about October 20, 2018, in the Eastern District of Missouri, and elsewhere,

**MARIN J. CORPORATION,
JORGE MARIN-PEREZ, and
JORGE JOVAN MARIN-GOMEZ,**

the defendants, herein, knowingly and willfully conspired and agreed together and with each other, and with other persons both known and unknown to the grand jury, to knowingly subscribe as true under penalty of perjury, a false statement with respect to a material fact in an application and document required by the immigration laws and regulations prescribed thereunder, to wit, a DOL ETA Form 9142 and a DHS Form I-129, which defendants then knew contained false statements of material facts as set forth below in violation of Title 18, United States Code, Section 1546(a).

### *OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY*

22. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Missouri and elsewhere:

    (a) On or about the dates set forth below, defendants MARIN CORP., MARIN-PEREZ, and MARIN-GOMEZ signed and submitted multiple ETA Forms 9142 to DOL and Forms I-129 to DHS containing false information as set forth herein and caused them to be processed by the various agencies of the United States.

| Date | U.S. Agency | Form | Material Falsehood |
|---|---|---|---|
| December 15, 2017 | U.S. DOL | ETA-9142A | Wages |
| January 10, 2018 | U.S. DHS | I-129 | Wages |
| April 3, 2018 | U.S. DOL | ETA-9142A | Wages |
| April 19, 2018 | U.S. DOL | ETA-9142A | Wages |
| April 20, 2018 | U.S. DHS | I-129 | Wages |
| April 23, 2018 | U.S. DOL | ETA-9142 | Wages |
| May 21, 2018 | U.S. DHS | I-129 | Wages |
| May 24, 2018 | U.S. DOL | ETA-9142 | Wages |
| May 30, 2018 | U.S. DHS | I-129 | Wages |
| June 12, 2018 | U.S. DHS | I-129 | Wages |
| June 23, 2018 | U.S. DHS | I-129 | Wages |

All in violation of Title 18, United States Code, Sections 371 and 1546(a).

## COUNT 2
## (Wire Fraud)

The Grand Jury further charges:

23.　The grand jury re-alleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

24.　Beginning on or about December 15, 2017 and continuing thereafter until on or about October 20, 2018, in the Eastern District of Missouri, and elsewhere,

**MARIN J. CORPORATION,
JORGE MARIN-PEREZ, and
JORGE JOVAN MARIN-GOMEZ,**

the defendants herein, did knowingly and willfully conspire and agree with each other and with others to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds:

| Date | Agency | Form | Material Falsehood |
|---|---|---|---|
| December 15, 2017 | U.S. DOL | ETA-9142 | Wages |
| April 3, 2018 | U.S. DOL | ETA-9142 | Wages |
| April 9, 2018 | U.S. DOL | ETA-9142 | Wages |
| April 23, 2018 | U.S. DOL | ETA-9142 | Wages |
| May 24, 2018 | U.S. DOL | ETA-9142 | Wages |
| June 8, 2018 | U.S. DOL | ETA-9142 | Wages |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3
## (Mail Fraud)

The Grand Jury further charges:

25. The grand jury re-alleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

26. Beginning on or about December 15, 2017 and continuing thereafter until on or about October 20, 2018, in the Eastern District of Missouri, and elsewhere,

**MARIN J. CORPORATION,
JORGE MARIN-PEREZ, and
JORGE JOVAN MARIN-GOMEZ,**

the defendants herein, having devised a scheme and artifice to defraud, or to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing or attempting to execute such scheme and artifice, caused to be delivered by the United States Postal Service ("USPS") or commercial interstate carrier, according to the directions thereon, certain matters and things, in that the defendants caused the following which contained fraudulent information to be sent and delivered via the USPS:

| Date | Agency | Form | Material Falsehood |
|---|---|---|---|
| January 10, 2018 | U.S. DHS | I-129 | Wages |
| April 20, 2018 | U.S. DHS | I-129 | Wages |
| May 21, 2018 | U.S. DHS | I-129 | Wages |
| May 30, 2018 | U.S. DHS | I-129 | Wages |
| June 12, 2018 | U.S. DHS | I-129 | Wages |
| June 23, 2018 | U.S. DHS | I-129 | Wages |

In violation of Title 18, United States Code, Section 1341.

                            A TRUE BILL.


                            _____

                            FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
DIANNA R. COLLINS, #59641MO
Assistant United States Attorney